IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Xavier Jones, | ) C/A No.: 3:10-2331-HMH-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Gill A. Jones; Laura Wilson; Terry Wilson, | ) |
| Defendants. | ) |

The plaintiff, Dwight Xavier Jones ("Plaintiff"), a pre-trial detainee proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff complains about the circumstances surrounding his arrest and claims he took certain actions in self-defense. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

According to the Complaint, Defendant Jones physically assaulted the plaintiff and "flashed" a firearm at him. Plaintiff alleges he "left as soon as I turned the corner someone whom I don't want to discuss" told me "he's coming! So I grabbed the shotgun he gave me" and shot at Jones but missed him. Plaintiff alleges Jones shot back, striking him in the left arm and the lower right jaw, where a bullet became lodged in his "upper vertebrea" [*sic*]. Plaintiff maintains the arresting officers, who are not named as defendants, failed to investigate, "blatantly over looked" information, and attempted to "cover-up" the facts. Plaintiff alleges this constitutes "slander, libel, and defamation of character."

Plaintiff also alleges that "while [he was] in the ditch" he shot Defendants Terry Wilson and Laura Wilson because they were "kicking [him] in [the] head." Consequently, plaintiff believes the arresting officers used false information to arrest him. He states his preliminary hearing transcript "show[s] perjury and false affidavit." Plaintiff wants the defendants to pay for his "pain and suffering, punitive damages, and the totality of my hospital bills."

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.;Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating

*PJG*

a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

In order to state a cause of action under 42 U.S.C. § 1983 a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). There is no indication that the defendants in this case have acted under color of state law, which is a jurisdictional prerequisite to a § 1983 civil rights action. See Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn.2-3 (4th Cir. 1980).

The United States Court of Appeals for the Fourth Circuit has ruled that private corporations, individuals, or entities, generally, do not act under color of state law. Lugar



v. Edmondson Oil Co., 639 F.2d 1058, 1062-1069 (4th Cir. 1981), *aff'd in part and rev'd in part on other grounds*, 457 U.S. 922 (1982). In any event, the plaintiff has not made any allegations which would connect the actions of the defendants[1] to the actions of a person or persons acting under color of state law. Generalized allegations of conspiracy are not sufficient. See Stubbs v. Hunter, 806 F. Supp. 81, 82-83 (D.S.C. 1992); Wetherington v. Phillips, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974), *aff'd*, 526 F.2d 591 (4th Cir. 1975) (Table); Joyner v. Abbott Laboratories, 674 F. Supp. 185, 191 (E.D.N.C. 1987).

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37 (1971); Harkrader v. Wadley, 172 U.S. 148, 19 S.Ct. 119 (1898); Taylor v. Taintor, 83 U.S. 366, 1872 WL 15393 (1873); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49 (4th Cir. 1989). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d at 52; see also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331 (8th Cir. 1975) (*en banc*). In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state

---

[1] Although a private citizen can act under color of state law, his or her actions must occur where the private citizen is a willful participant in joint action with the state or an agent of the state. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).

courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

                                                      Paige J. Gossett
                                                     UNITED STATES MAGISTRATE JUDGE

October 4, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).